UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SHAYNA DEMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16 CV 264 SNLJ |
| | ) | |
| FRED'S STORES OF TENN., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM and ORDER

Plaintiff Shayna Dement filed this lawsuit against her defendant employer, Fred's Stores of Tennessee, Inc., ("Fred's") and others employed by Fred's. Defendants removed this matter from the Circuit Court of New Madrid County, Missouri, citing this Court's federal question jurisdiction under 28 U.S.C. § 1331. In particular, defendants contend plaintiff's claims arise under federal employment discrimination laws. Plaintiff denies that her complaint raises a federal question and moves to remand (#11).

Plaintiff's complaint includes four counts: Count I for racial discrimination; Count II for disability discrimination; Count III for gender discrimination; and Count IV for wrongful discharge in violation of public policy. She alleges, among other things, that she was denied promotions and pay raises due to her race, that she was denied accommodation for her factor XI deficiency-hemophilia, that she was denied a private and clean space to pump breastmilk when she returned from maternity leave, and that she was wrongfully discharged as a result of her complaints about the above matters and for reporting to her superiors an act of sexual harassment against another employee.

Removal pursuant to 28 U.S.C. § 1331 is improper unless a federal question appears on the face of plaintiff's complaint. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 8-10 (1983). Defendants cite three paragraphs of plaintiff's complaint in support of their contention that she asserts a claim for violations of federal law: Paragraphs 59, 62, and 109. Those paragraphs are as follows:

> 59. Plaintiff is a person aggrieved by an unlawful discriminatory practice who has requested relief in writing from the Missouri Department of Labor and Industrial Relations, Missouri Commission on Human Rights, and the United States Equal Employment Opportunity Commission.

\*\*\*

> 62. On or about December 17, 2015, Plaintiff jointly filed a Charge of Discrimination with the Missouri Department of Labor and Industrial Relations, Missouri Commission on Human Rights, and the United States Equal Employment Opportunity Commission alleging that Defendants had committed the unlawful employment practices against Plaintiff, and more than 180 days has passed since that filing.

\*\*\*

> 109. Plaintiff believed the sexual harassment suffered by the employee to be against state and federal law.

Defendants suggest that plaintiff's references to the U.S. Equal Employment Opportunity Commission ("EEOC") and to "federal law" show that she intends to assert a claim for violations of federal law. They state "[f]ederal law for these types of claims are under Title VII of the Civil Rights Act of 1964, which is governed under the laws of the United States, namely, 42 U.S.C. § 2000e *et seq.*" (#1 at 2.)

Plaintiff denies she brings her lawsuit under any federal laws. She explains that she brings her claims for violations of the Missouri Human Rights Act, § 213.010, *et seq.* RSMo. Indeed, her complaint states that the "conduct of Defendants, as set forth herein, constitutes unlawful discrimination against Plaintiff under Mo. Rev. Stat. §§ 213.055 and 213.070" and

2

"Defendants committed unlawful discriminatory practices in violation of Mo. Rev. Stat. § 213.010 et seq." (#4 at ¶¶ 58, 60.) Plaintiff's only mention of federal law is in Paragraph 109, which refers to "federal law" in the context of her claim for wrongful discharge based on the Missouri public policy exception to the Missouri at-will-employment doctrine; that is, an "at-will employee may not be terminated … for reporting wrongdoing or violations of law to superiors or public authorities." *Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 92 (Mo. banc 2010). Plaintiff's Paragraph 108 states that plaintiff had reported an incident of employee-employee sexual harassment, and Paragraph 109 states that she believed that <u>other employee's</u> harassment had been in violation of "state and federal law." Despite defendants' suggestion that plaintiff "specifically asserts in Paragraph 109 of her Complaint that these claims arise under federal and state law" (#13 at 3), the allegation and its context do not suggest that plaintiff seeks a remedy under federal law for herself.

As for her references to the EEOC, plaintiff explains that her Paragraphs 59 and 62 serve to allege that she has exhausted her administrative remedies as required by § 213.111 RSMo. That section also allows a plaintiff to "opt out of the commission's proceedings by asking for a letter indicating that she has a right to bring a civil action (commonly referred to as a "right to sue" letter)…after 180 days from the filing of her complaint with the commission….". *State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 90 (Mo. banc 2003). Thus, plaintiff's allegations went to explaining her procedural position. Plaintiff might have chosen to pursue federal-law remedies in the wake of her EEOC filings, but she chose to pursue state-law remedies exclusively. "Under the 'well-pleaded complaint' doctrine, the plaintiff is the master of [her] claim and may avoid federal removal jurisdiction by exclusive reliance on state law." *Miller v. Metropolitan Sewer Dist.*, No. 4:10cv363-JCH, 2010 WL 2399553, at *1 (E.D. Mo. June 10, 2010) (quoting *Horner*

*v. Lee Summit, Mo.*, No. 09–00820, 2009 WL 5214901 (W.D. Mo. Dec. 29, 2009 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). In *Miller*, for example, the plaintiff alleged that her employer failed to give her the FMLA leave she had been promised and gave her a poor performance evaluation after she filed a charge of discrimination with the EEOC and the Missouri Commission on Human Rights. She brought a claim of retaliation and a claim for race discrimination under state law; although her complaint mentioned certain federal laws, she was not bringing a claim under those laws, choosing instead to pursue her state law remedies. *Id.* This Court remanded plaintiff's case to state court as a result. *Id.* Here, plaintiff's claims are likewise not dependent on her establishing violations of any federal law. She explicitly refers to violations of state discrimination laws, and her reference to federal law and federal agencies do not form the basis for her claims. Plaintiff's complaint will be remanded to the Circuit Court for New Madrid County.

Plaintiff has asked for her attorneys' fees under 28 U.S.C. § 1774(c) because she states defendants did not have an "objectively reasonable basis" for removing her case. The Court will deny the motion.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#11) is GRANTED in part.

IT IS FURTHER ORDERED that this matter will be REMANDED by separate order to the Circuit Court of New Madrid County, Missouri, but plaintiff's request for attorneys' fees is DENIED.

Dated this  18th  day of January, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE